**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY<br><br>*Defendant*. | Case No. 26-cv-3409 |

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the Department of Homeland Security (DHS) under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

2. On July 17, 2026, Secretary Markwayne Mullin stated during a nationally televised press conference that DHS had identified 250,000 noncitizens registered to vote in California, Pennsylvania, New Jersey, and Nevada.[1]

[1] *See* Melissa Quinn, *What to Know About the Trump Administration's Claim that 250K Noncitizens are Registered to Vote in 4 States*, CBS News (July 18, 2026), https://www.cbsnews.com/news/trump-markwayne-mullin-non-citizens-registered-voters-california-new-jersey-nevada-pennsylvania/; Doina Chiacu & A.J. Vicens, *DHS Threatens States with Fines, Charges Over Election Measures*, Reuters (July 17, 2026), https://www.reuters.com/legal/government/us-dhs-chief-asks-four-states-check-voter-rolls-non-citizens-2026-07-17/.

3. In furtherance of its mission to promote government transparency and accountability, American Oversight filed FOIA requests with DHS seeking records regarding the basis for Secretary Mullin's statement and talking points related to the statement.

4. Having received no responsive records nor a determination regarding its FOIA requests, American Oversight now brings this action against DHS under FOIA, 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

6. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendant from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

8. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the

public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

9. Defendant DHS is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

10. On August 21, 2026, American Oversight submitted two FOIA requests to DHS seeking records with the potential to shed light on federal government activity related to Secretary Mullin's statement that 250,000 noncitizens were registered to vote in California, Pennsylvania, New Jersey, and Nevada.

### *Factual Basis Documents Request*

11. On August 21, 2026, American Oversight submitted a request to DHS bearing internal American Oversight tracking number DHS-26-1595, seeking:

> All records reflecting the information and/or documentation relied upon to determine that 250,000 noncitizens were registered to vote in California, Pennsylvania, New Jersey, and Nevada, as Secretary Mullin stated on July 14,[2] 2026.
>
> American Oversight believes an agency employee familiar with the subject matter of this request is in the best position, with a reasonable amount of effort, to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the office of the Director, the Office of the Chief of Staff, the Office of Strategy, Policy, and Plans, and the Office of Public Affairs.
>
> **Please provide all responsive records from May 1, 2026, through July 31, 2026.**

[2] American Oversight's FOIA request referred to July 14 rather than July 17 in error. However, context, including citations, within the body of the FOIA request made it abundantly clear American Oversight was referring to Secretary Mullin's July 17 remarks.

12. A true and accurate copy of that FOIA request is attached hereto as Exhibit 1 and incorporated herein.

13. On August 31, 2026, DHS acknowledged the request, assigned it tracking number 2026-HQFO-03646, and conditionally granted a fee waiver.

14. As of the date of this Complaint, American Oversight has received no further communications from DHS concerning this request.

*Talking Points Request*

15. On August 21, 2026, American Oversight submitted a request to DHS bearing internal American Oversight tracking number DHS-26-1596, seeking:

> All talking points prepared by, provided to, or otherwise in the possession of your agency regarding Secretary Mullin's July 14,[3] 2026 statement that 250,000 noncitizens were registered to vote in California, Pennsylvania, New Jersey, and Nevada.
>
> American Oversight believes an agency employee familiar with the subject matter of this request is in the best position, with a reasonable amount of effort, to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the office of the Director, the Office of the Chief of Staff, the Office of Strategy, Policy, and Plans, and the Office of Public Affairs.
>
> **Please provide all responsive records from June 1, 2026, through July 31, 2026.**

16. A true and accurate copy of that FOIA request is attached hereto as Exhibit 2 and incorporated herein.

17. On August 31, 2026, DHS acknowledged the request, assigned it tracking number 2026-HQFO-03647, and conditionally granted a fee waiver.

---

[3] This FOIA request also referred to July 14 in error, but context made it clear Secretary Mullin's July 17 remarks were indicated.

18. As of the date of this Complaint, American Oversight has received no further communications from DHS concerning this request.

*Exhaustion of Administrative Remedies*

19. As of the date of this Complaint, Defendant has failed to: (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

20. Through Defendant's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

21. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

22. American Oversight properly requested records within the possession, custody, and control of Defendant.

23. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

24. Defendant's failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

25. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

26. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

27. American Oversight properly requested records within the possession, custody, and control of Defendant.

28. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials within no more than twenty (20) working days.

29. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

30. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

31. Defendant's failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

32. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this complaint, submitted to DHS on August 21, 2026;

(2) Order Defendant to produce, within twenty days of the Court's order, any and all non-exempt records responsive to American Oversight's FOIA requests and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: September 30, 2026

Respectfully submitted,

*/s/ Elizabeth Haddix*
Elizabeth Haddix
D.C. Bar No. 90019750
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(252) 359-7424
elizabeth.haddix@americanoversight.org

*Counsel for Plaintiff*